# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1052
LT Case No. 2008-CF-27949-A

_____

KEVIN FULMORE, SR.,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Brevard County.
Samuel Bookhardt, III, Judge.

Kevin Fulmore, Sr., Jasper, pro se.

James Uthmeier, Attorney General, Tallahassee, and Kaylee D.
Tatman, Assistant Attorney General, Daytona Beach, for
Appellee.

August 28, 2025

PER CURIAM.

Appellant moved for postconviction relief under Florida Rule
of Criminal Procedure 3.850, arguing that his counsel was
ineffective in several ways during his violation of probation case.
The postconviction court summarily denied the motion. We affirm
in all respects except one.

The trial court revoked Appellant's probation based in part on a finding that he committed felony battery. In his Rule 3.850 motion, Appellant alleged that his GPS monitor would have shown that he was not present when the battery occurred. He claimed that counsel was ineffective for not presenting this alleged information at his VOP hearing.

The postconviction court denied this claim as speculative, but Appellant's motion alleged that his GPS monitor would have exonerated him of the felony battery. *See Robledo v. State*, 359 So. 3d 850, 853 (Fla. 2d DCA 2023) ("Robledo, however, did not assert that the GSR test result *might* have been negative—he definitively asserted that it *would* have been negative. Therefore, the claim was not speculative."). And without an evidentiary hearing, the court had to accept this allegation as true unless it was refuted by the record. *See Harrell v. State*, 338 So. 3d 415, 418 (Fla. 5th DCA 2022). Therefore, we reverse the summary denial of the GPS claim and remand for the court to either attach additional records that refute the claim or hold an evidentiary hearing. *See id.* at 424; *see also* Fla. R. Crim. P. 3.850(f)(8)(B) (stating that in an evidentiary hearing, the defendant has the burden of presenting evidence and the burden of proof in support of his motion).

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

JAY, C.J., and WALLIS and LAMBERT, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––